# UNITED STATES DISTRICT COURT

# DISTRICT OF NEBRASKA

# LINCOLN DIVISION

4:26cv3073

**Vijendra K. Boken, Ph.D.,**
3 Hillcrest Dr.
Kearney, NE 68845,
Plaintiff,

v.

**Board of Regents of the University of Nebraska,**
3835 Holdrege Street
Lincoln, NE 68583,
Defendant.

FILED U.S. DISTRICT COURT DISTRICT OF NEBRASKA 2026 MAR -3 PM 4:07

Case No. _____

# COMPLAINT AND JURY DEMAND

Plaintiff Vijendra K. Boken, proceeding pro se, alleges as follows:

## I. INTRODUCTION

1. This action arises from discriminatory, retaliatory, and contractually unlawful termination of a tenured professor under a purported Reduction in Force ("RIF").
2. Plaintiff was subjected to years of escalating hostility, negative evaluations, and a procedurally defective Post-Tenure Review ("PTR").
3. Defendant ultimately terminated Plaintiff despite mandatory contractual retention protections governing faculty layoffs.
4. Defendant's actions violated Title VII, the Americans with Disabilities Act, procedural due process under the Fourteenth Amendment, and binding contractual RIF provisions.

# II. JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.
6. This action arises under:
   - Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.);
   - The Americans with Disabilities Act (42 U.S.C. §12101 et seq.);
   - 42 U.S.C. §1983 (Fourteenth Amendment Due Process);
   - Nebraska contract law under supplemental jurisdiction (28 U.S.C. §1367).
7. Venue is proper in this District because Defendant is headquartered in Lincoln, Nebraska and the challenged employment decisions were made within this District.

# III. PARTIES

8. Plaintiff was employed as a tenured Professor at the University of Nebraska at Kearney ("UNK") from August 2007 until termination effective August 31, 2024.
9. Defendant Board of Regents of the University of Nebraska operates UNK and is an employer within the meaning of Title VII and the ADA.

# IV. ADMINISTRATIVE EXHAUSTION

10. Plaintiff filed charges of discrimination and retaliation with the Nebraska Equal Opportunity Commission and the Equal Employment Opportunity Commission.
11. The EEOC issued a Notice of Right to Sue dated December 3, 2025.
12. Plaintiff received the Notice on December 10, 2025.
13. This action is filed within ninety (90) days of receipt.

# V. FACTUAL ALLEGATIONS

## A. Tenure and Contractual Protections

14. Plaintiff was hired in 2007 to teach Remote Sensing and strengthen the Geography program.
15. Plaintiff was promoted to Associate Professor in 2009, granted tenure in 2010, and promoted to Full Professor in 2014.
16. Plaintiff had a protected property interest in continued employment as a tenured professor.
17. Plaintiff's employment was governed by written RIF provisions stating:

(a) Program viability shall be the controlling consideration in all instances.
(b) A reduction in force shall be made so that remaining faculty possess the necessary qualifications to perform duties needed for viable programs.
(c) Faculty with higher academic preparation shall receive retention preference; if academic preparation is equal, faculty with more years of service shall be retained.

18. These provisions are mandatory and limit Defendant's discretion in implementing a RIF.

## B. Plaintiff's Qualifications

19. Plaintiff possessed specialized academic preparation and professional experience in Remote Sensing and Water Resources.
20. Plaintiff was hired specifically to teach Remote Sensing.
21. Plaintiff had equal or greater years of service compared to similarly situated retained faculty.

## C. Pattern of Retaliation and Hostility

22. Beginning around 2010, Plaintiff was subjected to repeated accusations and negative evaluations.
23. Plaintiff filed internal complaints, grievances, and reports of improper conduct.
24. After engaging in protected activity, Plaintiff experienced:

- Negative performance evaluations;
- Denial of summer teaching opportunities;
- Reassignment of his core Remote Sensing course;
- Initiation of Post-Tenure Review.

## D. Procedurally Defective Post-Tenure Review

25. University guidelines required written warning language before initiating PTR.
26. Plaintiff's annual reviews did not contain the required warning.
27. PTR was nevertheless initiated in August 2021.
28. The faculty union formally objected that initiation violated university policy.
29. The PTR process was later paused by the Senior Vice Chancellor.
30. The defective PTR created a negative record later used to justify termination.

E

### E. Disability and Escalation

31. Plaintiff suffered heart attacks in 2017 and 2019.
32. Defendant was aware of medical advice to minimize stress.
33. Defendant failed to meaningfully engage in an interactive accommodation process.
34. Disciplinary and adverse actions escalated despite knowledge of Plaintiff's condition.

### F. Violation of RIF Provisions

35. In December 2022, Defendant notified Plaintiff of termination under a Reduction in Force.
36. At the time of termination, Geography offered a major degree program.
37. After Plaintiff's termination, Geography no longer offered a major and now offers only a minor.
38. The elimination of Plaintiff's position did not preserve program viability as required by subsection (a).
39. Defendant continued offering the Remote Sensing course after Plaintiff's termination.
40. The course is now taught by another faculty member without equivalent academic preparation in Remote Sensing.
41. Eliminating Plaintiff while continuing to offer his specialized course violated subsection (b).
42. Retaining faculty with lesser academic preparation while terminating Plaintiff violated subsection (c).
43. Defendant failed to apply mandatory retention preference provisions.
44. The RIF decision was inconsistent with contractual criteria and supports an inference of pretext.

### G. National Origin Discrimination

45. Plaintiff is of Indian national origin.
46. Plaintiff was the only non-white faculty member in his department.
47. Plaintiff was treated less favorably than similarly situated non-Indian faculty.
48. Plaintiff's termination occurred after years of disparate treatment and retaliation.

V

# I. CLAIMS FOR RELIEF

## COUNT I – BREACH OF CONTRACT

49. Defendant failed to comply with mandatory RIF provisions.
50. Defendant did not properly apply program viability and retention preference criteria.
51. Defendant materially breached Plaintiff's employment contract.

## COUNT II – PROCEDURAL DUE PROCESS (42 U.S.C. §1983)

52. Plaintiff had a protected property interest in tenured employment.
53. The mandatory RIF language limited Defendant's discretion.
54. Defendant deprived Plaintiff of employment without adhering to required procedures.
55. Plaintiff was denied constitutionally adequate process.

## COUNT III – TITLE VII NATIONAL ORIGIN DISCRIMINATION

56. Plaintiff is a member of a protected class.
57. Plaintiff suffered adverse employment action.
58. Defendant's inconsistent application of RIF criteria supports an inference of discrimination.

## COUNT IV – TITLE VII RETALIATION

59. Plaintiff engaged in protected activity.
60. Defendant took materially adverse actions culminating in termination.
61. The RIF decision was part of a retaliatory sequence.

## COUNT V – ADA DISCRIMINATION AND RETALIATION

62. Plaintiff had a qualifying disability.
63. Defendant failed to reasonably accommodate Plaintiff.
64. Defendant subjected Plaintiff to adverse actions after disability-related protected activity.

## VII. DAMAGES

65. Plaintiff suffered:

- Loss of wages and benefits;
- Loss of future earnings;
- Emotional distress;
- Reputational harm;
- Aggravation of heart condition.

66. Plaintiff seeks:

a. Back pay;
b. Front pay or reinstatement;
c. Compensatory damages;
d. Any equitable relief deemed appropriate;
e. Costs and allowable fees.

## VIII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

Vijendra K. Boken, Ph.D.
3 Hillcrest Dr.
Kearney, NE 68845
Pro Se Plaintiff

Date: _____        March 3, 2026