# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **VIJENDRA K. BOKEN, Ph.D,** | |
| **Plaintiff,** | **4:26CV3073** |
| vs. | |
| **BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA,** | **ORDER** |
| **Defendant.** | |

This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel (Filing No. 14). Plaintiff, proceeding pro se, requests that the Court appoint counsel to represent him because he is unable to afford privately retained counsel.

"In civil cases, there is no constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); see also *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Rather, pursuant to 28 U.S.C. § 1915(e), a court "may request an attorney to represent any person unable to afford counsel." *Id.*; s*ee also Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) ("Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" (cleaned up)). In determining whether counsel should be appointed, the Court considers "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794.

At this stage in the proceedings, the Court does not deem it necessary to appoint counsel. Plaintiff has demonstrated, at least at this point, that he can adequately present his claims to the Court, evidenced by filing a Complaint outlining his claims. The issues in Plaintiff's Complaint are not particularly complex, legally or factually. The defendant has filed a motion to dismiss for insufficient service of process, which raises a fairly straightforward and narrow legal issue. Because the Court must resolve procedural and legal issues first, the case has not proceeded to discovery. Additionally, Plaintiff paid the filing fee in this matter and is not proceeding *in forma*

*pauperis*. There are other avenues for Plaintiff to obtain legal representation, such as finding an attorney willing to work on a contingency fee basis. Therefore, having considered the factors above, Plaintiff's request for appointment of counsel will be denied at this time. Accordingly,

**IT IS ORDERED**: Plaintiff's Motion for Appointment of Counsel (Filing No. 14) is denied.

Dated this 21st day of April, 2026.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge